Sandra L. RICE, Plaintiff–Appellee,

v.

SUNRISE EXPRESS, INCORPORATED, Gainey Corporation and Sunrise U.S.A., Incorporated, Defendants–Appellants.

Nos. 97–3982, 98–2195.

United States Court of Appeals, Seventh Circuit.

Submitted April 21, 2000

Decided June 23, 2000

Patrick L. Proctor (submitted), Kathryn A. Brogan, Warsco Brogan, Fort Wayne, IN, for plaintiff–appellee.

Joseph J. Vogan, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for defendants–appellants in No. 97-3982.

Mary C. Bonnema, Varnuj, Ridering, Schmidt & Howlett, Grand Rapids, MI, for defendants–appellants in No. 98-2195.

Before POSNER, Chief Judge, and COFFEY, FLAUM, EASTERBROOK, RIPPLE, MANION, KANNE, ROVNER, DIANE P. WOOD, EVANS and WILLIAMS, Circuit Judges.

On Petition for Rehearing En Banc

On consideration of the petition for rehearing with suggestion of rehearing en banc filed by the plaintiff-appellee and the answer of defendants-appellants, all of the judges on the original panel voted to deny rehearing and a majority of the judges in active service voted to deny rehearing en banc. Judge Diane P. Wood dissented from the denial of rehearing en banc and filed an opinion which was joined by Judge Ilana Diamond Rovner and Judge Ann Claire Williams.

The petition for rehearing en banc is denied.

DIANE P. WOOD, with whom ILANA DIAMOND ROVNER and WILLIAMS join, dissenting from denial of rehearing en banc.

In my view, this case deserves the attention of the *en banc* court, because it presents an important issue with respect to the scope of the Family and Medical Leave Act. The panel majority has chosen one of two possible approaches to the definition of the substantive entitlement that the FMLA confers on covered employees, and in so doing, it has rejected the interpretation of the statute that the Department of Labor advocates. The first of the two approaches is reflected in the Department of Labor's regulations, 29 C.F.R. § 825.216(a)(1). It would provide that § 2614(a)(1) of the statute confers on eligible employees the right to be restored either to their existing position or to an equivalent position upon their return from FMLA leave, and that § 2614(a)(3) creates an affirmative defense for an employer to defeat the employee's right to reinstatement by showing that the employee would not have been entitled to the "right, benefit, or position of employment" sought if she had not taken the FMLA leave. The second of the two approaches, which is adopted by the panel majority, is that the statutory separation of the right to reinstatement and the exception reflected in § 2614(a)(1) and (a)(3) is of no importance, because the inquiry in the final analysis is a unitary one: the employee must prove both the right to reinstatement and show that the employer's assertion that the right would have been lost anyway was wrong.

No matter which interpretation is chosen, I find it hard to understand why the question is not important enough to justify the time of the full court. Furthermore, on the merits, it is my view that Judge Evans, in dissent, had the better of the argument. When burdens of proof are allocated, it is normally most efficient to place the burdens of production and persuasion on the party with the best access to relevant information. Here, the employer is far better situated to know whether an overall change in company policy would have meant the elimination of a job, or another right or benefit, notwithstanding the FMLA leave of a particular employee. It will be difficult at best for employees to gain access to that kind of information without filing a lawsuit and obtaining the assistance of the discovery rules. Finally, the fact that the statute lends itself to two equally reasonable interpretations should lead this court to defer to the one chosen by the responsible agen-

cy, the Department of Labor, as Judge Evans argued.

All of this results in the effective destruction of the statutory presumption that an employee who took FMLA leave is entitled to job restoration. The panel majority's exception to the rule requiring restoration will effectively swallow the rule itself, leaving a statutory scheme in place that Congress never created. This is an important question, and it arises under an important statute that has yet to be explored extensively at the appellate level. I therefore respectfully dissent from the decision not to rehear the case *en banc*.