# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 04-1365

TINA M. MITCHELL,

*Plaintiff-Appellant,*

v.

DUTCHMEN MANUFACTURING, INC.,

*Defendant-Appellee.*

———————

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 02 C 712—**Robert L. Miller, Jr.**, *Chief Judge.*

———————

ARGUED SEPTEMBER 20, 2004—DECIDED NOVEMBER 23, 2004

———————

Before POSNER, KANNE, and EVANS, *Circuit Judges.*

KANNE, *Circuit Judge.* Tina Mitchell quit working for
Dutchmen Manufacturing, Inc. shortly after she returned
from a medical leave. Mitchell contends that Dutchmen vio-
lated the Family and Medical Leave Act because it did not
restore her to the same or an equivalent position on her
return from leave. The district court granted Dutchmen
summary judgment. We affirm.

In 2000 Mitchell began work for Dutchmen Manufacturing,
Inc., a maker of recreational vehicles. She worked on an as-
sembly line in Dutchmen's "final finish department," where

vehicles were finalized and prepared for sale. Her job consisted of various cleaning tasks, such as sweeping, wiping, and applying sticker decals and putty to the vehicles.

On June 1, 2002, Mitchell began FMLA leave for treatment of depression and anxiety. During her leave, Dutchmen consolidated two of its production lines, and reassigned personnel to different tasks and departments. Before consolidation, there were five cleaning positions; after consolidation, only two.

On July 8, Mitchell returned from leave and was assigned to her former department. She retained the same pay and benefits that she enjoyed before her leave, but some of the tasks expected of her had changed. She was now required to use certain small hand tools, including an electric screw gun, a screwdriver, and a seal (caulking) gun. She was expected, for each vehicle, to apply caulk, crimp four wires, and install six or seven screws, two with a screwdriver and four or five with a screw gun. Aside from these new tasks requiring her to use the tools, Mitchell continued to perform the same cleaning duties as before her leave.

On July 15, Mitchell, using a screw gun for the first time, injured her wrist. She was evaluated by a doctor, who diagnosed tendinitis and instructed her to wear a wrist splint, but he also certified that she could return to work with no other restrictions. Mitchell's wrist did not improve and she visited the doctor twice more, on July 18th and July 22nd. On these dates, the doctor restricted her from excessive gripping, twisting, pulling, and pushing, and instructed her to limit use of her right hand. When Mitchell returned to work after these visits and told her supervisor of the restrictions, he excused her from using the screw gun, but informed her that she should continue to use the seal gun, using her left hand if necessary. As soon as her supervisor advised her to continue using the seal gun, Mitchell walked off the job and did not return. On July 24, Dutchmen's

director of human resources mailed a letter to Mitchell offering to "accommodate" her new work restrictions and informing her that failure to return to work would be considered a voluntary resignation. Mitchell did not communicate further with Dutchmen.

In October 2002, Mitchell filed this suit in the Northern District of Indiana, alleging violations of the FMLA. The basis for the claim was that Dutchmen failed to restore her to the duties she held before leave, and that Dutchmen constructively discharged her in retaliation for taking the leave. Dutchmen moved for summary judgment, which the district court granted. Relevant to this appeal, the district court found that: (1) Mitchell's duties before and after her leave were equivalent; (2) Mitchell did not establish that she was entitled to restoration because she failed to meet her burden of proving that her job would have remained unchanged had she not taken the leave; and (3) she failed to establish two prongs of a prima facie case of retaliation because she showed neither an adverse employment action nor a causal link between her leave and Dutchmen's actions against her.

The FMLA entitles employees who have returned from a family or medical leave to be reinstated to the position they held before leave, or to an equivalent one. 29 U.S.C. § 2614(a)(1). An equivalent position is one that is virtually identical to the former position in terms of pay, benefits, and working conditions. 29 C.F.R. § 825.215(a). It must involve the same or substantially equivalent skill, effort, responsibility, and authority. 29 C.F.R. § 825.215(a); *Watkins v. J&S Oil Co.*, 164 F.3d 55, 59 (1st Cir. 1998). This equivalency requirement does not extend to de minimus or intangible, unmeasurable aspects of the job. 29 C.F.R. § 825.215(f).

There are limitations on an employer's obligation to reinstate an employee. 29 C.F.R. § 825.216(a)(1)(2). An employee is entitled only to benefits that she would have retained if

she had not taken a leave. 29 C.F.R. § 825.312(d). At all times, the employee bears the burden of demonstrating her right to be restored to the same or equivalent position. *Kohls v. Beverly Enter. Wis., Inc.*, 259 F.3d 799, 804 (7th Cir. 2001); *but see Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1019 (7th Cir. 2000) (Evans, J., dissenting), *reh'g denied*, 217 F.3d 492, 493 (7th Cir. 2000) (Diane P. Wood, J., dissenting from denial); 29 C.F.R. § 825.216(a)(1) (explaining that an employer must be able to show that an employee would not otherwise have been employed at the time reinstatement is requested in order to deny restoration to employment).

Mitchell first argues that the district court erred when it failed to identify the equivalency of her duties before and after leave as a genuine issue of material fact. She argues that the new duties expected of her, including the use of certain small hand tools, poses at least a factual question as to the equivalency of her jobs before and after taking leave.

Mitchell's argument is unpersuasive. Not only did she retain the same pay and benefits after taking leave, but her duties remained substantially similar. For each vehicle, Mitchell estimates spending between a half an hour and an hour to complete her tasks after taking leave. The majority of that time was spent on tasks she had performed before her leave: she spent approximately "five to ten minutes" vacuuming, "thirty minutes" wiping, and "five to six minutes" applying decals. For the rest of the time, Mitchell performed the new tasks using small, not physically taxing, hand tools. The tasks using the tools took only a limited time—she applied caulk for "two to ten" and "four to five" minutes, cut wires for "a couple of minutes," used a screwdriver for "a few minutes," and a screw gun for "a couple of seconds." According to Mitchell's estimates, she spent approximately 40 to 45 minutes on the same tasks that she had performed before her leave, and only 10 to 23 minutes on the new tasks. Given that the new tasks were neither overly time consuming nor physically demanding, we agree with the district

court's assessment that Mitchell's duties before and after her leave were substantially similar.

A case raising factual circumstances similar to Mitchell's was addressed by the Fourth Circuit in *Montgomery v. State of Maryland*, 266 F.3d 334 (4th Cir. 2000). In that case, the employee, an administrative aide, alleged that her employer failed to restore her to an equivalent position after an FMLA leave. After returning from leave, she retained the same pay and benefits, but was reassigned to a secretary position, for which she performed clerical tasks, such as typing and answering the phone, and had to share a workspace with another employee. *Id.* at 336, 341. The court in *Montgomery* regarded these differences as de minimis and determined that the positions were equivalent. *Id.* at 342. As in *Montgomery*, Mitchell's complaints regarding the limited use of small hand tools are the sort of de minimis, intangible, and unmeasurable aspects of a job that the regulations specifically exclude. The district court was correct to grant summary judgment on this question of equivalence.

Mitchell next raises the peculiar argument that the district court erred "in determining that her pre-leave cleaning position was eliminated by a consolidation of the (two production lines) where the evidence demonstrated pretext." This argument puzzles us because an assertion of pretext is neither necessary nor sufficient to support a finding of a violation of substantive rights under the FMLA. *Diaz v. Fort Wayne Foundry Corp.*, 131 F.3d 711, 713 (7th Cir. 1997).

Finally, Mitchell raises an undeveloped argument that generally contests the grant of summary judgment to Dutchmen on her retaliation claim. In this argument, Mitchell seems to contend that she introduced enough evidence to make out a prima facie case of retaliation under the indirect method, namely by showing that she had suffered an adverse employment action when she was "constructively discharged."

Although the district court asserted incorrectly that Mitchell must also prove a causal link between the protected activity and the adverse employment action, *see Stone v. City of Indianapolis, et al.*, 281 F.3d 640, 644 (7th Cir. 2002), Mitchell did not present any evidence to establish another prong of a prima facie case—that other similarly situated employees who did not take leave were not also subjected to reassignment. *See Buie v. Quad Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004). Failure to satisfy any one element of the prima facie case dooms an employee's retaliation claim. *Hudson v. Chicago Transit Auth.*, 375 F.3d 552, 560 (7th Cir. 2004).

AFFIRMED.

A true Copy:

     Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*