United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————

No. 04-31199

———————

PHYLLIS M SMITH,

Plaintiff - Appellant,

versus

EAST BATON ROUGE PARISH SCHOOL BOARD,

Defendant - Appellee.

Appeal from the United States District Court
For the Middle District of Louisiana

Before GARWOOD, DAVIS, and GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Phyllis Smith appeals the district court's summary judgment in favor of the defendant East

Baton Rouge Parish School Board ("the Board") on her Family and Medical Leave Act ("FMLA")

claim and the denial of her Federal Rule of Civil Procedure Rule 59(e) motion to reconsider.

Smith was employed by the Board as its Assistant Supervisor of School Accounts. This

position required her to assist school principals and staff in accurate bookkeeping. While she was on

maternity leave, the Board reorganized the School Accounts department. As a result, Smith's job

description was revised. She was no longer required to travel to the various schools of the district and work directly with principals and their staffs. Instead, she audited the schools' books from a central office.

The FMLA guarantees eligible employees up to twelve work weeks of leave in a twelve-month period after the birth of a child. 29 U.S.C. § 2612(a)(1)(A). The employer must thereafter restore the employee to the same position as previously held or a comparable position with equivalent pay, benefits, and working conditions. 29 U.S.C. § 2614(a)(1). The district court held as a matter of law that Smith's new position was equivalent to her former position.[1]

We review the district court's summary judgment and denial of a motion to reconsider that judgment *de novo*. *Fletcher v. Apfel*, 210 F.3d 510, 512 (5th Cir. 2000) (reviewing summary judgment *de novo* and holding that although review of motion to reconsider is usually for abuse of discretion, review of motion to reconsider a question of law is *de novo*). If the undisputed facts show that, as a matter of law, the employer offered the employee an equivalent position upon her return, summary judgment is appropriate. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 766 (5th Cir. 2001).

Smith argues that the district court erred in determining as a matter of law that the position she held before taking maternity leave was equivalent to the position she was offered upon her return. To be equivalent, an employee's new position must be "virtually identical to the employee's former position in terms of pay, benefits and working conditions, including privileges, perquisites and status.

---

[1] The Board does not contend that the fact that Smith's former position was no longer available warrants affirmance. *See* 29 U.S.C. § 2614(a)(3) (providing that an employee does not have a right to return to a position that would have been eliminated even had she not taken leave); *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 766 (5th Cir. 2001) ("a necessary exception is provided if the position has been eliminated").

It must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority." 29 C.F.R. § 825.215(a). It must also have similar opportunities for promotion and salary increase. *Darby v. Bratch*, 287 F.3d 673, 679 (8th Cir. 2003). Other relevant considerations include whether employees generally view the new and old positions as equally desirable. *Hunt*, 277 F.3d at 766. *De minimis*, intangible changes in the employee's position do not, however, violate the FMLA. 29 C.F.R. § 825.215(f); *Mitchell v. Dutchmen Mfg., Inc.*, 389 F.3d 746 (7th Cir. 2004) (requiring employee to use new hand tools in production of recreational vehicles is a *de minimis* change).

In *Montgomery v. Maryland*, 266 F.3d 334 (4th Cir. 2001), *vacated on other grounds by* 535 U.S. 1075 (2002), for example, the plaintiff was offered a position as a secretary upon her return from leave from her position as an administrative aid. She suffered no loss in benefits. *Id.* at 336. She alleged, however, that her former position was "truly administrative" while her new position consisted of "the simplest, most menial of clerical functions: answering the phone, taking messages, typing simple correspondence, and the like." *Id*. at 341. She further alleged that her former position came with its own work area whereas her new position required her to share a room with another employee. *Id*. The Fourth Circuit held that as a matter of law, these allegations established only *a de minimis* change in position.

In the case at bar, it is undisputed that Smith was offered the same salary in her new position as Assistant Supervisor of School Accounts. Both positions involved school accounting responsibilities, and Smith conceded that the job descriptions and title are very similar. She nevertheless argues that the new position was not equivalent because it no longer required her to travel to various schools in the district to provide bookkeeping training and support to principals and

secretaries. Her new position instead required her to perform auditing functions in a single office. Like in *Montgomery*, these sorts of *de minimis*, intangible differences do not give rise to FMLA liability.[2]

Accordingly, we AFFIRM the district court's denial of Smith's motion for reconsideration and its summary judgment for the Board.

---

[2] Smith also argues that she was not reinstated in "the same or a geographically proximate worksite" because she previously traveled to various schools to perform bookkeeping functions whereas under her new position, she performed bookkeeping functions in a single office. *See* 29 C.F.R. § 825.215(e)(1) ("The employee must be reinstated to the same or a geographically proximate worksite (i.e., one that does not involve a significant increase in commuting time or distance) from where the employee had previously been employed."). She cites no evidence that her new position required any additional travel.