Karen LEAL, Plaintiff,

v.

B F T, L.P. d/b/a Great American Business Products, Defendant.

Civil Action No. 9–cv–1083.

United States District Court, S.D. Texas, Houston Division.

May 20, 2010.

---

Gregg M. Rosenberg, Rosenberg Sprovach, Houston, TX, for Plaintiff.

Kimberley Marules Spurlock, Spurlock and Associates PC, Humble, TX, for Defendant.

### MEMORANDUM AND ORDER

KEITH P. ELLISON, District Judge.

Pending before the Court is the Motion for Summary Judgment of Defendant B F T, L.P., which does business as Great American Business Products ("Defendant") (Doc. No. 9). After considering the Motion, all responses and replies thereto, and the applicable law, this Court concludes that the Motion should be granted.

## I. BACKGROUND

Defendant, which is based in Houston, sells business products via catalogs and phone orders. (Def. Mot., Doc. No. 9, at 2.) Plaintiff was hired by Defendant in 2005 for the position of "Trainer." (*Id.*) At that time, Plaintiff's job responsibilities included training new and existing call center representatives and creating training manuals. (*Id.*) According to Defendant,

beginning in August 2008, due to a decline in economic conditions, certain management employees for Defendant began discussing whether there remained a need for a full-time Trainer position. (*Id.* at 2–3.) In January 2009, Defendant laid off nine full-time employees. (Pl. Compl., Doc. No. 1, ¶ 5.5.) In response to concerns about further lay-offs, Dawn Coffman, a call center supervisor, sent an email to all call center representatives, informing them that no further lay-offs were planned. (Def. Mot. at 3, Ex C.) On March 27, 2009, Plaintiff took medical leave from work for reasons related to pregnancy. (Pl. Compl. ¶ 5.2.) She had planned to return to work on April 13, 2009. (*Id.* ¶ 5.3.) On March 27, 2009, Defendant called Plaintiff at home and advised her that her position at the company had been eliminated. (*Id.*) Plaintiff then brought the current suit alleging that Defendant's actions with regard to her employment violated the Family Medical Leave Act ("FMLA").

## II. LEGAL STANDARD

### A. Summary Judgment

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. Fed.R.Civ.P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the nonmoving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir.2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id.* Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. F.R.C.P. 56(e)(1); *See, e.g., Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir.1996), *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts.'") (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

### B. Family Medical Leave Act Generally

The FMLA allows eligible employees working for covered employers to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition. *Hunt v. Rapides Healthcare Sys.*, 277 F.3d 757, 762–63 (5th Cir.2001) (citing 29 U.S.C. § 2601(b)(1)-(2)). The FMLA seeks to "meet the needs of families and employees and to accommodate the legitimate interests of employers." *Id.* (citations omitted). It does so with two distinct sets of provisions.

The first set of provisions is prescriptive. Those provisions "create a series of substantive rights, namely, the right to take up to twelve weeks of unpaid leave under certain circumstances," *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir.2008) (citations omitted), including "the birth of a son or daughter of the employee and in order to care for such son or daughter." 29 U.S.C. § 2612(a)(1)(A). When an employee returns from FMLA leave, her employer has a duty to reinstate the employee to

the same position she held before taking leave, or " 'an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.' " *Hunt,* 277 F.3d at 763 (quoting 29 U.S.C. § 2614(a)(1)). An employer's failure to do so "gives rise to an entitlement claim under 29 U.S.C. § 2615(a)(1)." *McArdle v. Dell Prods., L.P.,* 293 Fed. Appx. 331, 334 (5th Cir.2008) (citing *Haley v. Alliance Compressor LLC,* 391 F.3d 644, 649 (5th Cir.2004)).

■ The second set of provisions is proscriptive. Those provisions prohibit an employer from discriminating or retaliating against an employee for exercising her FMLA rights. *Hunt,* 277 F.3d at 763 (citations omitted). If an employer engages in prohibited discrimination or retaliation, the employee has a claim under 29 U.S.C. § 2615(a)(2). *McArdle,* 293 Fed. Appx. at 334 (citing *Haley,* 391 F.3d at 649). Here, Plaintiff's suit falls under the second set of provisions, because she is alleging that her separation from Defendant was retaliation for her decision to take pregnancy leave, a protected activity under the FMLA.

### C. Retaliation Claims

■ In *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Supreme Court laid out a three-part framework by which to analyze discrimination claims brought under Title VII. This Court applies the *McDonnell Douglas* framework to analyze retaliation claims under the FMLA, as " 'there is no significant difference between such claims under the FMLA and similar claims under other anti-discrimination laws.' " *Hunt,* 277 F.3d at 768 (quoting

*Chaffin v. John H. Carter Co.,* 179 F.3d 316, 319 (5th Cir.1999)). "Nothing in the FMLA landscape suggests that the teachings of *McDonnell Douglas* would be less useful in ferreting out illicit motivations in that setting." *Id.* (quoting *Chaffin,* 179 F.3d at 319).

Under *McDonnell Douglas,* the plaintiff "must first create a presumption of discrimination by making out a prima facie case...." *Laxton,* 333 F.3d at 578 (citing *Wallace v. Methodist Hosp. Sys.,* 271 F.3d 212, 219 (5th Cir.2001)). A plaintiff establishes a prima facie case of retaliation under the FMLA by showing that: (1) she was protected under the FMLA; (2) she suffered an adverse employment decision; and (3) the adverse decision was made because she took FMLA leave. *Hunt,* 277 F.3d at 768. If Plaintiff makes such a prima facie showing of retaliation, the burden then shifts to Defendant to articulate a legitimate, nondiscriminatory or non-retaliatory reason for the adverse employment action. *Id.* "The employer's burden is only one of production, not persuasion, and involves no credibility assessment." *McCoy v. City of Shreveport,* 492 F.3d 551, 557 (5th Cir.2007) (citing *Russell v. McKinney Hosp. Venture,* 235 F.3d 219, 222 (5th Cir. 2000)). If Defendant makes this showing, Plaintiff bears the ultimate burden of showing by a preponderance of the evidence Defendant's proffered reason is pretext for retaliation. *Hunt,* 277 F.3d at 768 (citations omitted).

### III. ANALYSIS[1]

#### A. Prima Facie Case

■ Here, Defendant does not dispute that Plaintiff was a protected employee

---

1. Defendant places much emphasis on the fact that Plaintiff was separated from the company in this case because her position was eliminated, and not because she was laid off or terminated from employment. The Court has noted this distinction and weighed

it appropriately. However, for the sake of ease and clarity, it will refer to Plaintiff's separation from the company as both "elimination" and "termination." This should not

under the FMLA, or that Plaintiff suffered an adverse employment decision. Therefore, the first two elements of Plaintiff's prima facie case appear to be satisfied. However, Defendant contends that Plaintiff cannot make a prima facie showing that the elimination of her position was the result of her decision to take FMLA leave. Plaintiff points to two pieces of evidence to support her prima facie case of retaliation. First, Plaintiff points to the temporal proximity between her FMLA leave and the elimination of her position. Second, Plaintiff points to the email sent by Dawn Coffman in January 2009, just two months prior to Plaintiff's termination, stating that no additional layoffs were planned. (Def. Mot. Ex. C.)

Courts have held, in the context of alleged discrimination under Title VII, that mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action is sufficient to establish a prima facie case, but only in cases where the temporal proximity is "very close." See Clark County School Dist. v. Breeden, 532 U.S. 268, 273–74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (U.S.2001); Washburn v. Harvey, 504 F.3d 505, 511 (5th Cir.2007). Here, the temporal proximity between the adverse employment action and the protected activity was very close, because Plaintiff's position was terminated while she was on FMLA leave. Moreover, Plaintiff offers additional support for her prima facie case, namely that her supervisor had conveyed assurances that the round of layoffs necessary due to economic conditions was complete, and that the department was, at that time, the appropriate size. (Def. Mot. Ex. C, D.) This at least suggests that, at the point at which Defendant was making employment-related decisions in response to the economic downturn, and before Plaintiff had gone on FMLA leave, her termination was

not under consideration. This Court finds that this is more than sufficient to establish a prima facie case that Plaintiff's termination from Defendant's company was causally linked to her decision to take FMLA leave.

Moreover, the evidence suggesting a causal link between Plaintiff's termination and her decision to take leave is stronger than that presented in Lillie v. Woodlands Operating Co., L.P., 2005 WL 1606923, at *3 (S.D.Tex.2005), the case on which Defendant relies to argue that there has been no prima facie showing. In that case, the court noted that the comments on which the plaintiff relied to support her prima facie case were made by regular employees, rather than managers or company decision-makers, rendering them of little probative value. Id. at *3. The Lillie court further noted that the plaintiff did not offer affidavits or depositions to support her assertion. Id. Here, on the other hand, Plaintiff offers a written email sent by a company decision-maker which at least suggests that Plaintiff's elimination was not being contemplated prior to her FMLA leave. The nature of the evidence presented is therefore easily distinguishable from that presented in Lillie. As such, this Court concludes that Plaintiff has made a prima facie showing of discrimination, and the burden shifts to defendant to assert a lawful reason for Plaintiff's termination.

### B. Defendant's proffered non-discriminatory purpose

 Defendant argues that, even if Plaintiff can establish a prima facie case of discrimination, Defendant had a valid non-discriminatory business reason for eliminating Plaintiff's position. According to Defendant, it was overly affected by the downturn in the economy. (Def. Mot. at

be construed as an endorsement by the Court of any one side's view of these events.

9.) Defendant also points out that, eight months prior to its decision to eliminate Plaintiff's position, it had transferred the responsibility of training new employees from Plaintiff to another employee. (Dawn Coffman Aff., Def. Mot. Ex. A, at 2.) Doug Smith, President and CEO of Defendant, states that the decision was made not to terminate Plaintiff, but rather to terminate the Trainer position altogether, because the original goals of the position were not being realized such that it made sense to maintain it in light of the recession. (Doug Smith Dep., Def. Mot. Ex. F, 12:2–13:20, 16:9–17:3, Oct. 28, 2009). Mr. Smith further testifies that he had been considering eliminating Plaintiff's position, and discussing this possibility with Ms. Coffman, since August 2008, long before he knew of her decision to take FMLA leave. (Smith Dep. 10:21–12:1.)

Courts have recognized that layoffs resulting from restructuring and downsizing programs can qualify as legitimate and non-discriminatory reasons for terminating employment. *Lillie,* 2005 WL 1606923, at *3 (citing *Ilhardt v. Sara Lee Corp.,* 118 F.3d 1151, 1157 (7th Cir.1997)); 29 U.S.C. § 2614 (2008) (stating that the FMLA does not entitle an employee to benefits which he would not have received had he not taken leave). Here, Defendant provides evidentiary support in the form of affidavits and declarations for its contention that Plaintiff's position was eliminated not because of her decision to take medical leave, but rather because of the economic climate and uncertainty as to whether the position was necessary. This evidence further suggests that Plaintiff's position would have been eliminated even if she had chosen not to go on leave. Accordingly, Defendant has met its burden of establishing a legitimate, nondiscriminatory reason for Plaintiff's termination. The burden therefore shifts back the Plaintiff to present evidence that this proffered reason is merely pretext.

## C. Evidence of Pretext for Discrimination.

■ At this summary judgment stage, Plaintiff must demonstrate that a reasonable fact-finder could conclude that Defendant's proffered reason for her termination is merely pretextual, and that its actions were retaliatory. Plaintiff may establish pretext directly, by showing that a discriminatory reason motivated the employer, or indirectly, by showing that the employer's reasons for the adverse employment action are not believable. *Rios v. Rossotti,* 252 F.3d 375, 378 (5th Cir. 2001) (citing *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). However, in either respect, Plaintiff bears the ultimate burden of persuading the trier of fact that the defendant unlawfully retaliated against her. *Id.* (citations omitted).

In support of its position, Plaintiff points to evidence indicating that Plaintiff had received no negative performance evaluations during her nearly four-year tenure with Defendant. (Pl. Resp. Doc. No. 10, at 7.) Plaintiff also argues that the importance of her position is highlighted by the fact that her duties were reassigned to others after her departure, and are currently still being performed. (*Id.* at 8.) Plaintiff also reiterates that her elimination could not have been attributed to the economic climate, because the emails sent by Ms. Coffman in January 2009, when other call center employees were laid-off for purposes of down-sizing, strongly indicate that her departure was not being contemplated at that time. (*Id.* at 8–9, Def. Mot. C, D.) According to Plaintiff, these emails also directly contradict Mr. Smith's unsupported assertion that the elimination of Plaintiff's position was being discussed as early as August 2008, thereby creating an issue of fact. Defendant, however, argues that this evidence is insuffi-

cient to create a genuine issue of fact as to the reason for Plaintiff's termination, because it fails to suggest any connection between the elimination of the Trainer position and Plaintiff's FMLA leave.

The Court held oral argument on this Motion, primarily to allow Plaintiff the opportunity to present any evidence that FMLA leave did play a part in Defendant's employment decision. At this hearing, Plaintiff argued that, despite the fact that she presented little evidence that Defendant was actually motivated by her decision to take FMLA leave, the temporal proximity between the termination and the leave, combined with the evidence suggesting that Defendant's proffered explanation for the termination may not be true, was sufficient to get this case to a jury. Defendant reiterated that, because there was absolutely no evidence to suggest that Defendant was motivated by Plaintiff's FMLA decision, this case should not go to a jury. The issue before the Court, therefore, is whether an FMLA case may reach a fact-finder based solely on a prima facie showing and a potential fact question as to Defendant's proffered explanation, but absent any other evidence of retaliation.

The Supreme Court has spoken on this precise issue in the context of a Title VII discrimination claim. In *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), the Court rejected the Court of Appeals conclusion that a prima facie case of discrimination, combined with sufficient evidence for the trier of fact to disbelieve the defendants non-discriminatory explanation, was insufficient to sustain a jury finding of intentional discrimination. *Id.* at 146, 120 S.Ct. 2097. There, the Court reasoned that the plaintiff was not required in all instances to present additional evidence of discrimination beyond that which was offered to show a prima facie case, because "once the employer's justifi-cation has been eliminated, discrimination may well be the most likely alternative explanation," such that a trier of fact could conclude that the employer unlawfully discriminated. *Id.* at 147–48, 120 S.Ct. 2097. The Court went on, however, to acknowledge that "certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory," such as instances where the plaintiff created only a "weak issue of fact." *Id.* at 148, 120 S.Ct. 2097. As the law surrounding the FMLA is derived from the Title VII standard, this Court will apply the holding in *Reeves* to this case.

Here, although the Court finds the question to be an extremely close one, it nonetheless holds that summary judgment in favor of Defendant is appropriate. Plaintiff does not question Defendant's assertion that the economic downturn created the need to make employment-related changes in the call center department. However, the emails sent by Dawn Coffman do somewhat undermine the notion that she and Mr. Smith had been considering eliminating Plaintiff's positions for months, and that their ultimate decision as to Plaintiff in particular was motivated by the economic climate. Mr. Smith, however, did address this seeming contradiction in his deposition. According to him, Plaintiff's separation from the company can be described as a form of reorganization of the duties and responsibilities as they then currently existed within the call center. The layoffs made in January, however, were apparently made in order to adjust the overall size of the call center department, that is, the number of people working there, in accordance with economic realities. Accordingly, in her affidavit, Ms. Coffman states that, since January 2009,

she has not been asked to lay off any additional employees. (Coffman Aff. at 2.) This distinction between laying off an employee and terminating a position altogether is not entirely unprincipled. However, construing all evidence in favor of Plaintiff, there undoubtedly remains a fact issue as to whether Defendant's explanation for the elimination of Plaintiff's position is believable.

 Under *Reeves*, this fact issue may have been sufficient to allow Plaintiff to get to a jury, had her prima facie showing of discrimination been slightly more robust. *See Rios*, 252 F.3d at 379 (noting that, in determining whether summary judgment is appropriate, a court considers the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any evidence that support the employer's case). Aside from the emails calling Defendant's explanation into question, Plaintiff's prima facie case is based almost entirely on the temporal proximity between her termination and her FMLA leave. The Court has now held that this temporal proximity was sufficient to satisfy the initial part of the *McDonnell Douglas* framework. In this instance, however, temporal proximity alone is simply insufficient to raise a strong inference, let alone support a conclusion, of retaliation, even if the fact-finder were to reject Defendant's proffered explanation altogether.[2] Under *Reeves*, a case alleging retaliation should be presented to a fact-finder only where the jury could "reasonably infer" such retaliation from the falsity of the employer's explanation. *Reeves*, 530 U.S. at 147, 120 S.Ct. 2097. The Court cannot hold that such an inference would be reasonable in this case. Had Plaintiff been able to point to any

other sources of evidence, such as comments made by Ms. Coffman or Mr. Smith, or the experience of another employee who took FMLA leave, which indicated that the company looked unfavorably upon her decision to take FMLA leave, or had Plaintiff more conclusively challenged Defendant's proffered explanation for her termination, this unquestionably would have changed the Court's conclusion. With the evidence now before it, however, the Court cannot find that Plaintiff has presented sufficient evidence to support a conclusion by a fact-finder that Defendant's decision regarding her employment can be attributed to her decision to take FMLA leave.

## IV. CONCLUSION

Accordingly, because the Court finds that there are no genuine issues of fact as to whether Defendant's employment decision with regard to Plaintiff can be attributed to her decision to take medical leave under the FMLA, judgment in favor of Defendant must be granted. Defendant's Motion for Summary Judgment (Doc. No. 9) is hereby **GRANTED.**

**IT IS SO ORDERED.**

---

2. The Court does not hold, however, that temporal proximity coupled with a fact issue as to the defendant's explanation will be insufficient to create a fact issue in every case. The facts of this case, and more particularly the degree to which Defendant's explanation has been challenged, necessitate such a holding here.