United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2006

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals
For The Fifth Circuit*

No. 05-21067
Summary Calendar

HENDERSON R. PRYOR,

    Plaintiff – Appellant,

v.

ALAN M. WOLFE; JOSEPH W. JOHNSON; EVA S. HARKLESS; JOE D. WARD; JOANN E. HICKERSON; TIFFANY WILLIAMS; METHA VASQUEZ; and M.D. ANDERSON CANCER CENTER,

    Defendants – Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 05-CV-00717

Before KING, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Henderson R. Pryor, appearing *pro se*, appeals the district court's orders dismissing his Title VII[1] race discrimination and retaliation claims against his employer, M.D. Anderson, and his alleged supervisors, Alan Wolfe, Joseph Johnson, Eva Harkless, Joe Ward, Joann Hickerson, Tiffany Williams, and Metha Vasquez. We AFFIRM IN PART and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 42 U.S.C. § 2000e-2000e17.

REVERSE AND REMAND IN PART.

Pryor sued the defendants following a dispute about whether sick leave he took in February 2004 should be classified as leave under the Family and Medical Leave Act (FMLA). Pryor alleges he was charged with FMLA leave against his wishes and that his compensation for the period he was absent from work was reduced. He claims that his absence was classified as FMLA leave because of his race and that classification of his absence as FMLA leave violated M.D. Anderson's FMLA policy. Pryor does not allege that he had any paid leave benefits or that he was denied those benefits. He claims, however, that the defendants withheld his pay check for hours he worked in December 2004 after he filed a race discrimination complaint with the Equal Employment Opportunity Commission (EEOC).

The individual defendants filed a motion to dismiss Pryor's claims pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that they cannot be held liable in their individual or official capacities under Title VII even if they are all supervisors as Pryor alleges in his complaint. M.D. Anderson also asked the court to dismiss Pryor's claims under Rule 12(b)(6) because his pleadings do not demonstrate that he suffered an actionable "adverse employment action." The district court granted the motions to dismiss and dismissed Pryor's claims without prejudice. Pryor was not afforded an opportunity to replead.

2

A decision to dismiss a case under Rule 12(b)(6) is reviewed *de novo*.[2] A complaint cannot be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief."[3] In determining whether to dismiss a complaint under Rule 12(b)(6), the allegations in the complaint and its attachments must be liberally construed in the plaintiff's favor and all alleged facts must be taken as true.[4] In this case, we must also consider that Pryor is appearing *pro se* and hold his pleadings "to less stringent standards than formal pleadings drafted by lawyers."[5] We may also consider documents attached to a motion to dismiss if those documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims.[6]

Pryor generally complains that the district court improperly considered materials beyond the pleadings in dismissing his claims and found facts that are not supported by the record. If materials outside the pleadings are considered, the motion to dismiss must be treated as a motion for summary judgment under FED. R. CIV. P. 56(c), which requires notice and an opportunity to respond with evidence.[7] The district court did not treat the motions

---

[2]*Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

[3]*Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005) (internal quotation the marks and citations omitted).

[4]*Id.*; *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.,* 61 F.3d 288, 289 (5th Cir.1995).

[5]*Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

[6]*Causey,* 394 F.3d at 288.

[7]FED. R. CIV. P. 12(b); *Scanlon v. Tex. A&M Univ.*, 343 F.3d 533, 539 (5th Cir. 2003).

to dismiss as motions for summary judgment; therefore, we confine our review to the allegations in the pleadings.

To prevail on his discrimination claim, Pryor must show that he suffered an "adverse employment action" because of his race or because he engaged in an activity protected by Title VII.[8] In this Circuit, only "ultimate employment decisions" such as "hiring, granting leave, discharging, promoting, and compensation" are actionable "adverse employment actions" under Title VII.[9] In holding that Pryor's "complaint and other pleadings fail to establish that [M.D. Anderson] committed any act that may be classified as an adverse employment action," the district court discussed only the allegations in the complaint concerning Pryor's absence from work in February 2004. The court said that neither failure to pay an employee who was absent from work nor classification of an absence as FMLA leave constitutes an "ultimate employment decision." Because we agree that those allegations do not state a claim under Title VII, we AFFIRM dismissal of Pryor's race discrimination claim against M.D. Anderson.

However, the Supreme Court recently held in *Burlington Northern & Santa Fe Railway Co. v. White* that Title VII's anti-retaliation provision is not limited to "ultimate employment decisions."[10] Rather, a plaintiff states a retaliation claim under Title VII by "show[ing] that

---

[8]*See Hernandez v. Crawford Bldg. Material Co.*, 321 F.3d 528, 531 (5th Cir. 2003); *Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir. 1998).

[9]*Willis v. Coca Cola Enters. Inc.*, 445 F.3d 413, 420 (5th Cir. 2006).

[10]126 S. Ct. 2405, 2414 (2006) (internal quotation marks omitted and alteration added).

a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."[11] The district court did not consider Pryor's retaliation claim under this new standard, but because we conclude that the allegations in Pryor's complaint meet this standard as well as the more stringent "ultimate employment decision" standard, we REVERSE the district court's dismissal order as to Pryor's retaliation claim and REMAND that claim for further proceedings.

Pryor alleges in his complaint that M.D. Anderson did not pay him for work performed from December 21, 2004 to December 31, 2004. According to Pryor's complaint, other employees were paid for that same pay period on January 5, 2005 but he was "denied and deprived of his paycheck." Pryor contends that M.D. Anderson wrongfully withheld his paycheck because Pryor filed a race discrimination complaint with the EEOC on December 29, 2004. Pryor does not specifically allege that M.D. Anderson had notice of the EEOC filing but that is a reasonable inference from the allegations in the complaint. Pryor's complaint thus alleges that he was deprived of *earned compensation* in retaliation for filing an EEOC complaint, which if true would constitute an adverse employment action.[12] Moreover, deprivation of earned compensation would almost certainly "'dissuade[] a

---

[11]*Id.* at 2415.

[12]*Cf. Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 193-94 (5th Cir. 2001) (holding that denial of a $57-per-month merit pay increase constituted an "ultimate employment decision" for purposes of the plaintiff's Title VII retaliation claim).

reasonable worker from making or supporting a charge of discrimination.'"[13] Therefore, Pryor's complaint states a claim under the *Burlington Northern* standard. Although there is evidence in the record that Pryor's paycheck was merely delayed, not withheld entirely, this evidence is not included in the documents constituting the "pleadings," and we have no choice but to conclude that Pryor has stated a retaliation claim under Title VII against M.D. Anderson.

We AFFIRM the district court's order dismissing Pryor's claims against the individual defendants because "[i]ndividuals are not liable under Title VII in either their individual or official capacities."[14]

Pryor also complains that the district court abused its discretion in denying his amended motion to vacate the judgment. This argument is moot as to Pryor's retaliation claim against M.D. Anderson, and we find no abuse of discretion regarding the remaining claims.[15]

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

---

[13]*Burlington N.*, 126 S. Ct. at 2415 (alteration added).

[14]*Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003); *see also Thomas v. Choctaw Mgmt./Servs. Enter.*, 313 F.3d 910, 911 (5th Cir. 2002).

[15]*See Pease v.Pakhoed Corp.*, 980 F.2d 995, 998 (5th Cir. 1993) (stating that motions for relief from judgment are reviewed for abuse of discretion).