**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 25, 2012

No. 12-30013

Lyle W. Cayce
Clerk

MARTHA LUSHUTE,

Plaintiff-Appellant,

v.

STATE OF LOUISIANA, DEPARTMENT OF SOCIAL SERVICES,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
Case No. 3:10-cv-00252

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff Martha Lushute appeals the dismissal of her claims for retaliation for taking intermittent leave under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. (FMLA), on summary judgment. Two discriminatory actions by the defendant are alleged: a "needs improvement" performance rating in April 2008 and a change in her work schedule in May 2009 from a four day/ forty hour week to a five day / forty hour week. Lushute argues that there are genuine issues of fact regarding defendant's motivation for taking these actions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30013

The FMLA permits employees to take reasonable leave from their jobs for medical reasons. Section 2615(a)(2) of the FMLA makes it "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this chapter." To state a prima facie case for retaliation under § 2615(a)(2), a plaintiff must show that:

(1)    she was protected by the FMLA, and
(2)    she suffered an adverse employment decision; and either
(3)    a) that she was treated less favorably than an employee who had not requested leave under the FMLA; or
       b) the adverse decision was made because she took FMLA leave.

*Hunt v. Rapides Healthcare Sys., L.L.C.,* 277 F.3d 757, 768 (5th Cir. 2001). After a plaintiff demonstrates a prima case of FMLA discrimination, the burden of production rests on the defendant to articulate a legitimate, non-discriminatory reason for its decision to institute the adverse employment action against the plaintiff. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327 (5th Cir. 2005). If the defendant does so, then the plaintiff must either prove the proffered reason is untrue, i.e. a pretext for discrimination, or prove that the proffered reason, while true, was only one of the reasons for its conduct, another motivating factor of which was retaliatory for plaintiff's exercise of a protective right. *Rachid*, 376 F.3d at 312-13. If plaintiff proves an illegitimate motivating factor existed, the defendant has the opportunity to demonstrate that it would have taken the same action in the absence of the impermissible motivating factor. *Id.*

The district court found that Lushute failed to make out a prima facie case of discrimination and failed to put into genuine issue any material fact which might prevent judgment as a matter of law.

As to the poor performance rating, the district court found that the plaintiff could not overcome the defendant's same decision defense. Lushute

2

No. 12-30013

does not specifically address what evidence in the record creates a genuine issue as to this employment action. In addition, the district court found that once the court excluded allegations outside the two year statute of limitations window, the uncontroverted facts demonstrated that the April 2008 review occurred after Lushute's first formal FMLA request in July 2008, negating any causal connection between the employment action and Lushute's exercise of her rights under the FMLA. We agree.

As to the change in Lushute's work schedule, the district court found that the change was not an adverse employment action. Again, we agree. Materially adverse actions are not limited to ultimate employment decisions but include any actions that would dissuade a reasonable employee from exercising his rights under the FMLA. *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 2409, 165 L. Ed. 2d 345 (2006). In other words, an employee suffers an "adverse employment action" if "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *McArdle v. Dell Prods., L.P.*, 293 Fed. Appx. 331, 337 (5th Cir. 2008)(unpublished) (quoting *Burlington Northern & Northern Santa Fe Railway Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006), and applying the expanded definition of adverse employment action to FMLA cases), see also *Pryor v. Wolfe*, 196 Fed. Appx. 260, 263 (5th Cir. 2006)(unpublished); *Breneisen v. Motorola, Inc.*, 512 F.3d 972, 979 (7th Cir. 2008). The change in Lushute's work schedule, basically a shift change, from a four day week to a five day week with no change in total hours or compensation, is not an ultimate employment decision under pre-*Burlington Northern* jurisprudence. *Hunt,* 277 F.3d at 769. In addition, the record reflects that a four day work week is an alternative schedule that is sometimes offered as a privilege to DSS employees. It is not a right. DSS treated other workers similarly, switching them from a

3

four to five day work week when they were unable to adequately manage their case loads.  This action would not have dissuaded a reasonable worker from making or supporting a charge of discrimination.

Accordingly, we agree that Lushute has not made out a prima facie case of retaliation under FMLA and the district court's judgment dismissing her claims on summary judgment was correct.  This decision could also be justified on the basis of inadequate briefing by the plaintiff.  Lushute argues only that issues of fact exist as to the defendant's motivations for changing her work schedule.  She makes the assertion that "Defendant admitted that it considered the time she was off from work on leave pursuant to the FMLA as a reason for taking said action."  However, her argument consists entirely of a legal discussion relating to the mixed motive analysis, which authority the district court also cited.  Critically, she did not relate the legal discussion to the facts of this case or provide citations to the record to support her assertion of improper motivation. See Fed. R. App. Proc. 28(a)(9)(A).  We need not consider inadequately briefed issues.

AFFIRMED.