# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 7, 2013

Lyle W. Cayce
Clerk

No. 13-30235

JOHN MURCHISON,

> Plaintiff–Appellant,

versus

CLECO CORPORATION,

> Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
No. 5:11-CV-1702

Before SMITH, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

John Murchison has worked for Cleco Corporation ("Cleco") for roughly thirty years. He sued, alleging various forms of racial discrimination, age dis-

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

crimination, and retaliation with respect to his employment, under Title VII, 42 U.S.C. §§ 2000e *et seq.*; the ADEA, 29 U.S.C. § 621; 42 U.S.C. § 1981; and Louisiana state law. The district court granted Cleco's first motion for summary judgment in part and denied it in part. The claims that remained were Murchison's hostile-work-environment claim (brought under § 1981) and a failure-to-promote claim from 2005 ("2005 Promotion Claim") (brought under §1981 and Louisiana state law).[1] The court later granted Cleco's second motion for summary judgment, dismissing the remaining claims and entering judgment on both orders shortly thereafter.

Murchison timely appealed, challenging the summary judgment as to his 2005 Promotion Claim, his claim that Cleco failed to promote him to a separate position in 2009 ("2009 Promotion Claim"), and his hostile-work-environment claim. Finding no error, we affirm.

## I.

Murchison argues that the district court erred in granting a second motion for summary judgment on the same claim (the 2005 Promotion Claim) where Cleco did not "cite new evidence or a change in the law as a basis for the request" to file its second motion. But Murchison does not cite a single case in which we —or any appellate court—reversed on those grounds, and he fails to direct our attention to any statute or rule that would compel us to be the first. The weight of our caselaw is against finding error here.[2]

---

[1] Neither party disputes that the district court was correct that Louisiana law parallels federal law in all relevant respects, so we limit our discussion to standards provided by federal law.

[2] *See, e.g.*, *Enlow v. Tishomingo Cnty., Miss.*, 962 F.2d 501, 506–07 (5th Cir. 1992) ("The appellees contend, however, that no expansion of the record occurred in the present case. . . . The district court, however, opted to allow a successive motion for summary judgment. Such a determination . . . best lies at the district court's discretion.") (footnotes omitted).

## II.

The district court held that the 2005 Promotion Claim was time-barred because even if the four-year statute of limitations applied, more than four years had elapsed since Murchison was passed over for promotion.[3] Consequently, the court did not have to decide whether the relevant limitations period was four years (as provided by 28 U.S.C. § 1658) or one year (as provided by Louisiana state law).

Murchison argues that the court erred in dismissing his 2005 Promotion Claim as time-barred because he did not actually learn that Biggers was selected over him until late 2006. Citing *Delaware State College v. Ricks*, 449 U.S. 250 (1980), and *Chardon v. Fernandez*, 454 U.S. 6 (1980), Murchison contends that his belated notice gave him until 2010 to sue.

Cleco responds that the claim is time-barred nonetheless because the relevant statute of limitations is actually the one-year period in Article 3492 of the Louisiana Civil Code. Furthermore, Cleco maintains that Murchison misinterprets *Ricks*, which Cleco argues only provides that if Murchison had learned of Biggers's promotion ahead of time (say, six months before Biggers had in fact been promoted), then limitations would have begun running earlier.

As both the district court and Cleco correctly note, the question whether the four-year federal period or the one-year state period applies depends on whether Murchison's claim arises under the 1870 version of 42 U.S.C. § 1981 or the version amended by the Civil Rights Act of 1991. If under the former, we would apply the rule of *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004), to imply a period based on analogous state law, which we have already held to be Article 3492. *See Taylor v. Bunge Corp.*, 775 F.2d 617, 618 (5th Cir. 1985) (per curiam). If, on the other hand, the claim arises under the latter, the

---

[3] Specifically, Scott Biggers was selected for the position on February 12, 2005, and Murchison did not file his complaint until December 11, 2009.

relevant statutory period would be the catchall four-year federal limitations provided by 28 U.S.C. § 1658, which applies to claims arising under an Act of Congress enacted after December 1, 1990.

Failure-to-promote claims were actionable under the 1870 version if "the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer," or, put another way, "[o]nly where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer." *Patterson v. McLean Credit Union*, 491 U.S. 164, 185, 218 (1989), *superseded by statute as recognized in Jones*, 541 U.S. at 383. Otherwise, the claim is available only under the 1991 version. *Jones*, 541 U.S. at 382–83.

Murchison makes no arguments in his brief that would help us resolve this question: He merely assumes that the four-year period applies without addressing this potentially dispositive question. In the district court, after Cleco had contended that the one-year state-law period barred Murchison's 2005 failure-to-promote claim, Murchison also failed to address Cleco's assertion and in his opposing memo did not discuss the limitations period at all. We therefore deem the issue waived or conceded and, for purposes of this case only, we apply a one-year period and find Murchison's 2005 claim time-barred,[4] so we need not explore the applicability of *Ricks* and *Chardon*.

## III.

What Murchison styles his "2009 Failure To Promote Claim" involves three separate putative failures by Cleco to promote him in 2009 to any of three General Manager ("GM") positions in, respectively, the Southern, Northern, and Central Districts. On appeal, Murchison makes no mention of the Northern

---

[4] *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) (collecting cases); *Lushute v. La. Dep't of Soc. Servs.*, 479 F. App'x 553, 555 (5th Cir. 2012) (per curiam) (citing FED. R. APP. P. 28(a)(9)(A)).

District position,[5] so we consider only the others.


A.

As for the Central District GM position, the district court held, citing *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 317 (5th Cir. 2004), that Murchison had failed to establish his *prima facie* case because the person who took that position was not promoted into it. He was merely transferred from his GM position in the Northern District, which is to say that Cleco did not promote *anyone* into the Central District position but merely swapped a vacancy in the Central District GM position for one in the Northern District GM position. Because the court did not consider anyone to have been promoted over Murschison, it granted summary judgment as to the Central District GM position. Cleco, in its brief, repeats the district court's analysis without elaboration. Murchison again fails to present any argument that the district court erred in entering summary judgment on these grounds, so we deem him to have waived the issue.[6]


B.

Regarding the Southern District GM position, Cleco has never disputed that Murchison has established a *prima facie* case of discrimination. Cleco responded with a race-neutral justification: It hired Mike Bares because he was the most qualified applicant. The propriety of summary judgment turns, then, on whether Murchison has met his burden of producing admissible evidence sufficient for a jury to conclude that Cleco's proffered justification was pretext for racial discrimination. *See Laxton v. Gap, Inc.*, 333 F.3d 572, 578–79 (5th Cir.

---

[5] The reason, presumably, is because Cleco hired John Freeman, who is himself black, to the Northern District in Murchison's stead, so Murchison could not make out his *prima facie* case as to that lost promotion.

[6] *See Scroggins*, 599 F.3d at 446–47 (5th Cir. 2010) (collecting cases); *Lushute*, 479 F. App'x at 555 (citing FED. R. APP. P. 28(a)).

2003).

Murchison attempts to meet his burden by showing that he was clearly better qualified than Bares. To be successful, Murchison must present admissible evidence that would allow a jury to conclude that "no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 923 (5th Cir. 2010) (citations and internal quotation marks omitted). The bar is high because "[u]nless the qualifications are so widely disparate that no reasonable employer would have made the same decision . . . differences in qualification are generally not probative evidence of discrimination." *Id.* (quoting *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 347 (5th Cir. 2001) (internal quotation marks omitted)).

Ultimately, Murchison has not submitted evidence from which a rational jury could conclude that Bares's and Murchison's qualifications were "so widely disparate" to be probative evidence of discrimination. On the one hand, Bares had been working in a management capacity with Cleco since January 2005. He had an electrical engineering degree and had proven capable at managing the delivery of power in accord with Cleco's specifications. And he had prior experience through explaining Cleco's power-delivery services to large customers and through handling service-interruption calls and damage complaints.

On the other hand, Murchison had been at Cleco for thirty years working in multiple areas of the company, including finance, marketing, development, government relations, and working with the Louisiana Public Service Commission. And he had experience as a project manager, which required him to manage employees on a project-level basis. Yet, Bares had more extensive management experience supervising employees, directing them on "a daily basis," making decisions regarding pay increases, and periodically evaluating employee performances—experiences that Murchison apparently did not have.

The evidence Murchison has produced shows a close call between two per-haps equally qualified employees, depending on which variables matter most to a decisionmaker.  Taking the evidence in the light most favorable to Murchison, we cannot say there is sufficient evidence to meet his burden of establishing such manifestly disparate qualifications between himself and Bares that a rational jury could justifiably conclude Cleco's justification was pretextual.

## IV.

Murchison claims he was the victim of a hostile work environment.  Much of his argument, though, comprises apparent irrelevant boilerplate that has nothing to do with his case or with his burden of producing sufficient admissible evidence to avoid summary judgment.  To prove hostile work environment, Mur-chison must show, *inter alia*, that he was subjected to unwelcome harassment based on race that affected a condition of employment.  *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).  To affect a condition of employment, the harassment must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Id.*

Murchison cites to the record in scattershot fashion without relating the facts to his claim of a hostile work environment.  Almost universally, the myriad items to which he directs our attention relate to putative harassment suffered by *other* employees at Cleco, of which Murchison had no knowledge before suing. He alleged virtually nothing about any harassment he suffered.

The only harassment Murchison claims was being "harassed as late as 2010 because of his race by Tony Matheme [sic]."  This is the only mention of Matherne in his brief, and Murchison does not point to anything in the record that would allow a jury to conclude that Matherne harassed him because of race.

The only relevant citation Murchison provides is to his deposition, which reveals that Matherne was a manager of engineering while Murchison was

working in customer service; he was not Murchison's superior. Murchison specu-lated that Matherne was difficult to work with[7] because Murchison is black. But Murchison admitted in his deposition later that others in his department "[f]rom time to time . . . may have [had] an issue with how he's handling something," including white coworkers, "along the lines of the things" he described as harassment.

According to his deposition, Matherne was the only source of harassment that Murchison alleges "created a hostile work environment at Cleco." "[C]onclu-sory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgment," *Ramsey*, 286 F.3d at 269 (citations and internal quotation marks omitted), and that is all Murchison has offered.

Because the district court correctly determined that each of Murchison's claims is baseless, time-barred, or lacking in sufficient evidence, the summary judgment is AFFIRMED.

---

[7] It is not entirely clear what "harassment" Murchison alleges to have come from Matherne. He describes Matherne as "coming back" with "change[s]" to projects that "bog[ged] the process down."